And we have one additional case this morning. And that is Houghton v. Franklin. And Mr. Ginsburg. And sir, when you're ready, would you proceed with your argument? May it please the Court and Counsel, Plaintiff in this case was a restrained passenger in her vehicle that was involved in a collision with Christine Franklin. The defendant made an improper left-hand turn in front of the Houghton vehicle. The plaintiff braced herself just prior to impact and sustained a severely displaced fracture of both the omen and radius in her right forearm and also sustained a fracture dislocation of her index finger on her right hand, which is her dominant hand. The forearm fracture was properly diagnosed and treated. It was relatively obvious. The dislocation and fracture of the finger was missed. It wasn't diagnosed until a much, much later. Unfortunately, as of today, the finger is fused in a stiff position and slightly malrotated, which affects grip strength and the function of that hand. The case went forward to a jury trial in Sangamon County, and there was a verdict on behalf of the plaintiff against both Christine Franklin, the driver of the other car, and Dr. Larry Nord, the treating orthopedic surgeon. After the verdict was rendered, the plaintiff was approached by counsel for Christine Franklin, and a resolution was reached. There was no release and settlement because there was already a verdict. There was payment that was made by counsel for Christine Franklin. It was accepted by Don Otten, the plaintiff, all in good faith. Thereafter, the parties remaining both sought an allocation for a set-off because a set-off is going to have to be determined as a result of the Fourth District's reversal of the underlying verdict. At some point in that point, I would urge the court is now, an allocation is going to have to be made. The current trial judge in Sangamon County, for reasons that I can't comprehend, refuses to address the issue of set-off and allocation. So, in other words, he said, I take that under advisement. That's what he said, basically. Okay, but it's that issue that you're appealing. It is. So how can you be appealing an issue that's still pending that the judge says I'm taking under advisement? Because there's no basis for him to make a ruling subsequently. All the evidence that he needs and is required. So it's an anticipatory appeal. I mean, you're not filing a mandamus where you're going to, I mean, you say he's refusing to do what he's supposed to do. Wouldn't that be proper for a mandamus proceeding if he was refusing to perform an act he's required to perform? But we're not here on that. We're not here on a mandamus. And the order that was entered that you got the 304A finding on, well, you're not appealing anything about that order, trying to get it reversed. Franklin being dismissed. I would disagree with that, Your Honor. On page 5 of the reply brief, the plaintiff's reply brief, the plaintiff focuses primarily on two different paragraphs in the order that contains the 304A language. Paragraphs 6 and 7. Paragraph 6 reads, The remaining issues in this case involve possible refile of the plaintiff's malpractice action and the proper allocation of set-off of the settlement monies paid by defendant Franklin and plaintiff's client against any judgment entered in the anticipated jury trial. Number 7, the remaining issues in the case have no bearing on the cause of action against defendant Franklin, and defendant Franklin has no interest in these proceedings. What the trial court there is doing is basically subsuming what was in his prior order, which from May 26th of 2011 the defense argues is the real order being appealed. It is not. The plaintiff has never appealed that order. There was no 304 language in that order. It's not appealed. But in paragraph 6 of that prior order, this language is basically subsumed in the later order, and it's paragraph 6 of the trial court's order of May 26th, 2011, in which he says the use of the prior jury's apportionment is improper. There's no citation to authority or reasoning or rationale that's given. Moreover, as the other defendants were not part of the negotiation or discussions concerning the apportionment, it is improper to impute that figure to them. Even in cases where there is a pretrial settlement, the negotiations take place between the settling defendant and the plaintiff. They never include the non-settling defendant under any circumstances. I don't know why the court is so hung up on that. Excuse me, Mr. Ginsky. Did you file an appendix? I did. Do you agree? And the Supreme Court rules require that the order appealed from be included in the appendix. I did file an amendment to the brief pursuant to the court's order, which the plaintiff did. Okay. And did you include in that amendment or that supplemental brief an appendix that shows the order you're appealing from? I certainly hope I did. I don't have that right in front of me right now. I can't find it if you did, but there seems to be an issue about exactly what it is you're appealing. I can't agree with that characterization. What the plaintiff is appealing is the August 2011 order, not the amendment. Dismissing Franklin from the case. Dismissing Franklin. Okay. And what is it about that order that you're seeking to be reversed? The refusal to make the allocation at that juncture pursuant to the Supreme Court's dictates in the Pat versus Permondale case. Okay. Now, that's a matter that's not pending in the Franklin case anymore, right? In other words, the allocation doesn't make any difference to the Franklin case that was dismissed. It does not make any difference to the Christie case. It only makes a difference. It's only an issue in the pending case against Nord. But it's a big issue. Well, I understand, but my point is that there's been no final order entered in the Nord case on that issue. And the allocation order needs to be entered now. That's specifically what the Illinois Supreme Court said in the Pat versus Permondale case. But we don't know if the trial court said I'm going to take it under advisement. The case hasn't been tried yet. We don't know that the trial court's not going to enter some kind of an order. The trial court will have to enter some type of order at some point in time with respect to allocation. But the proper timing is now, not later. So what is it you want us to do? You want us to say to the trial court, you have to enter this order before there's a retrial in this case? I think the order that I'm seeking, the plan seeking from this court, is to the trial court. You don't want to ask the trial court to enter this order. Okay, you answered my question. That's what she wants to say is you have to do this before the retrial. Yes. Now, how do we know he's not going to do that? Because he said he won't. He said I'm taking it under advisement. And the case hasn't been tried. So, I mean, how is it that we know as a matter of finality that he's not going to do exactly what you're here trying to make him do? Because we've had three hearings in which we've asked him to do it and he's refused. Okay. And the problem that that presents is this, Your Honor. Again, number one, I don't think that a trial court has the authority to basically say, I'm going to disregard a ruling that's directly unappointed from the Illinois Supreme Court. I'm going to disregard that. I'm sorry. I know it sounds like I'm arguing with you. And maybe I am. But I don't think the record reflects that he said I'm not going to do it. What the order says is I'm taking this issue under advisement. And if we weren't up here in the appellate court on this issue with questionable jurisdiction, maybe you'd have already had your retrial and maybe you would have already apportioned it. He's going to have to make an apportionment at some point in time. Again, according to the Illinois Supreme Court, that time is now. And the problem that Judge Schmidt is going to have on retrial is Christine Franklin is not going to be president. She's not going to testify. Her attorney is not going to be arguing for her. He's not going to present evidence. There aren't going to be jury instructions to the jury. The jury is not going to hear anything with respect to Christine Franklin. How in the world is that jury going to make a proper allocation? I understand that this is a complicated issue on the issue of apportionment, but it hasn't been decided yet. So how can there be an appeal? It has to be decided now. It has to be decided before retrial. I don't think that the Supreme Court could have been clear on that point in that Pat versus Carbondale case. I think that's one of the primary holdings. And I don't understand why the reasoning and the logic, the decision of the jury, would be completely disregarded. I understand that the Fourth District had an issue with the wording of the verdict. One of many jury instructions submitted at the time of the trial. But the fact remains that the jury in that first trial heard all of the evidence, including the arguments from Christine Franklin's counsel, evidence submitted by him, her testimony, listened to all of the medical testimony with respect to all of the injuries, both to the forearm and to the hand. Why in the world would we say at this point in time we're going to ignore what that jury did? And the problem that you have in these allocation cases is that there is an incentive to manipulate. And that's not what was done. And that I find bewildering and disappointing, too, in this particular case. This is not a situation where after the verdict was rendered, but before the reversal, when Planoff is talking with counsel for Christine Franklin, it was not a situation where the money that was paid was pegged all for damages to the forearm, so that there was no allocation for the injury to the finger, which would be a set-off for a credit to Dr. Norton. That's not what was done. In an awful lot of cases, and there's an excellent discussion with legal support I'll cite, it's Barger-Holman's article from December of 1998 specifically talking about settlement allocations. And halfway through that law review article, there are discussions of a number of cases, Black v. Illinois, FWD, Strunk, Johnson v. Bell, Bell Radiologist, in which a wife is injured, suit is brought on behalf of the wife for the physical injuries of the husband for loss of consortium, there's a settlement pre-trial with one of the defendants, and the settlement is allocated 90% or 95% to the husband's loss of consortium. That's a problem in these cases. Why would we allow parties to engage in that manipulation when we have the benefit of the jury's decision and there were no negotiations between Planoff and Christine Franklin. Both Christine Franklin and Planoff said, we'll accept the 25%. That's what the jury said. We won't try to argue that it's any different. 25% of that payment is for the finger, as the jury said. There's going to be a 25% of the total $233,000. 25% of that or about $58,000 as a set-off for Dr. Newell. That's the most logical position that anybody can take. And counsel for the defense argues, well, but you waived your right to ask for an allocation because it's post-judgment. It's not post-judgment. The judgment has been vacated. There is no judgment. We're starting fresh. But we do have a settlement, a non-settlement for the defendant. The allocation is going to have to be made. I think this Court should look at the state of Florida case that's cited in the briefs, the Wells case, that says once we have the benefit of the jury's determination, 12 and panel jurors who agree to be fair and impartial, that have heard all the evidence and made the allocation, just live with that allocation. That is going to be the split. Unless there are any other questions, I will refer to the gentleman from Puberty. Thank you. Thank you, and good morning. I'm Brad Elward. I'm here today with Elizabeth Megley of the Livingston Barter Firm, where you represent Dr. Nord in the Central Illinois Orthopedic Surgery. If the Court needs to look at the orders, they're at page 87 and 89 of our appendix. I think the Court completely understands the position that we were making in our brief. This is a non-final order. There's really no decision that's before this Court at this time. The heart of our argument is that there's no jurisdiction. The hearing that took place resulted in the Circuit Court striking the proposed apportionment that was offered by the plaintiff, and it took the set-off motion under advisement. And the Court is correct in asserting that there's nothing in this record, at any spot, whether the transcripts are in the pleadings or the orders, where the Court says, I'm not going to rule on this issue, which is interesting because when we look at the wording of the issue in their brief, they clearly interpreted this as the Circuit Court is not going to rule on the apportionment, but that's not what we have before us. We have a situation where, at best, the Circuit Court has looked at what they proposed and said, I'm not going to go with that. I'm not going to adopt that. But it hasn't decided what apportionment it is going to adopt. So without that, we don't have a final and appealable order that this Court can look at and say, that was an abuse of discretion to make the apportionment on that basis. And now the apportionment all arises out of the May order. There's nothing about the August order, even looking at the paragraphs 5 and 6 that counsel has identified. There's nothing about that which says that the trial court was not going to rule. Now, I'm not aware of any case that says that a trial court in an apportionment setting has to accept the apportionment that is offered by the plaintiff. There's no case that says that. That's a slam dunk. You have to accept what the plaintiff says. It's a consideration. And, in fact, when we look at the Wells case that counsel cited, and we distinguished it factually in our brief, but on page 25, we also cite a portion of that that tells the court the underlying philosophy of why it is wrong to just accept the proffering by a plaintiff without giving some consideration to the remaining defendant in the case as far as apportionment. But I think that what we have here is we have an order or a ruling situation that's not right. It's not mature for disposition, either by the circuit court or, unfortunately, by this Court. And I kept asking myself, what are we asking the Court to do today, other than to say there's no jurisdiction? I'm having trouble saying what we are asking you to do with respect to this underlying circuit court situation. The Court has indicated that it will decide the case. It has taken the matter under advisement. I guess the procedure would have been to file a motion to call the matter for hearing and have it brought to a head, and if the Court refused to, act appropriately at that time. But that's not what they did. They filed an appeal to this Court based on an order that took place many months later, and they're trying to basically bootstrap this non-final order in May to an August order. And the law doesn't allow that. There's no case that allows them to do that. And so for those reasons, we're asking this Court to find that there is no jurisdiction. And I guess the last two things I want to say... Can I ask you a question? Yes, sir. Has there been any request for the Court to set the matter so it can resolve its reserved ruling on request for set-off? I will not say definitively, but I do not recall seeing anything in our record. Maybe Mr. Ginsky on the rebuttal can comment on that. I was not the trial counsel, so I did not have that benefit of any off-the-record discussions that would have taken place. But I'm not aware of anything where that has been done. Because we're a year later... That's correct. ...by the time the trial court entered the Court reserving its ruling. That's correct. Now, you'll notice in our brief, we did make some reference to the Patton case, and we talked a little about issue of a single recovery document. Perhaps it would have been a little bit more clear when I discuss it. We wanted to make sure that if the Court did feel the need to discuss those issues, that it had those cases at its benefit. But really, the more I look at this, the more I think even the arguments that we make with respect to whether Patton applies and whether there was a waiver, those are arguments that still need to be brought to a head before the trial court for the trial court to rule. So really, for those reasons, I'm not really sure that that offers a whole lot of guidance. The last thing I'd like to say about Patton is while Patton may require a disposition of the apportionment motion and ruling before trial, we haven't had a refusal to do that. And so until we get a ruling on the merits of the alleged motions to apportionment, we really have nothing to bring to the Court for further advice and review. So again, for those reasons, we're asking this Court to find... I believe that concludes my argument. Thank you for your time. Thank you. Rebuttal, please. Looking at the two orders, I've got extra copies I can present to the justices should that be their desire. Looking at the first order from May, that does contain language whereby Judge Schmitt says the Court preserves ruling on the Federal Learning Board and the Central Illinois Medical Surgery's request for a settlement. That is not the order that is being appealed. It's the subsequent order in August of 2011, and that language is missing. There is nothing in that second order that says I'm reserving this issue. And the very purpose of the hearing in August was to try to get the trial court judge to make that decision. And counsel repeatedly argues that there is no case law supporting the proposition that a trial court has to adopt the apportionment of the plaintiff. This is not the plaintiff's apportionment. This is the jury's apportionment, and there's no reason not to accept that apportionment. Okay, if that's the order you're appealing, the August 23 order, what is there in that order about apportionment? There really isn't much. There's nothing in there about apportionment. The judge did not want to address the issue of apportionment. And my question would be this. Why would this court want to waste Judge Schmidt's time in the future? Because if the apportionment is, there's a hundred percent on the dollar. Okay, you want us to go ahead and tell him how to rule in advance instead of him ruling, and then we determine whether it's correct in a later appeal. But that's not really the way things work, is it? And I understand that, Your Honor. And that's not what the plaintiff is asking here. What the plaintiff is asking here is that Judge Schmidt be ordered to make the allocation before retrial. And it makes perfect sense to use the allocation of the jury, since the jury heard all the evidence. You want us to tell him to make the allocation and how to make the calculation. I think that's a reasonable rule. I really do. However, having said that, let's assume that we're three months down the road and we're going to retry the case. We're going to panel another jury. We're going to take another week at the Sengler County Courthouse. And we're going to retry this without any allocation. And then suppose that Judge Schmidt decides, well, I think the defense… That word suppose is very important. Because that's all we're doing is we're just supposing and assuming what might happen in the future. But go ahead. But if I may, if I can complete that thought, if the set-off of $100 on the dollar as requested by Dr. McCord is in fact the set-off, then I can tell you that plaintiff wasted her time because the trial wouldn't be, the case would not be retried in person. If there is an allocation somewhere along the lines that the jury decided wasn't the plaintiff's allocation, somewhere along those lines, that may give the incentive to Dr. Moore to say, okay, we get a set-off. We can settle for the rest of it at X number of dollars and we'll settle. Otherwise, we're trying a case where nobody understands what the ultimate verdict is going to be. That's a complete waste of judicial resources. Thank you. Okay. Thanks to each of you for your brief and arguments this morning and thanks for making the trip here. And we'll get you a decision at the earliest possible date. Thank you.